Eloise ATKINS,
*Petitioner,*

*v.*

DESCHUTES COUNTY,
*Respondent.*

(LUBA 89-146; CA A64628)

793 P2d 345

Greg Hendrix, Bend, argued the cause for petitioner. With him on the brief was Parker, Hendrix & Chappell, Bend.

Bruce W. White, Assistant County Legal Counsel, Bend, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

LUBA affirmed Deschutes County's determination that petitioner's property is not a "legal lot of record" under the county's Ordinance 88-009. Petitioner seeks review and argues that the lot should be accorded that status, because it was included in an unrecorded survey filed with the county surveyor in 1963.[1] The ordinance, which was enacted after that time, does not recognize that kind of filing as a way of creating a lot. However, petitioner maintains that neither the statutory nor the county requirements that governed subdivisions in 1963 were applicable to the parcel in which the lot is located. Because she did not have to follow those statutory procedures for creating lots in a parcel, petitioner reasons that the filing of the survey was sufficient to create a lot and concludes that her lot comes within the grandparent clause of ORS 92.017 for "lot[s] or parcel[s] lawfully created."

Petitioner summarizes her argument as being that "the absence of illegality establishes legality for the purposes of ORS 92.017." However, that is not a sufficient characterization of the argument. What she really contends is that, because a particular statutory procedure was not required for the creation of her lot, nothing was; therefore, the paper that happened to be filed with the county official sufficed *ipso facto* to create a lot. LUBA correctly rejected that argument, explaining:

> "The fact that the [subdivision] did not fall within the scope of ORS 92.010(2) (as that statute existed in 1963) says nothing about whether there were other statutes, regulations, ordinances or principles of common law, which did apply * * *. It also says nothing about whether filing a survey in 1963 had *any* legal effect at all, much less whether it had the effect of 'lawfully creat[ing]' lots or parcels, within the meaning of ORS 92.017." (Emphasis in original.)

In addition to contending that she was not *required* to do anything in particular to create the lot in 1963, petitioner also suggests that there was no way that she *could* have done so other than by filing the survey. That suggestion is incorrect.

---

[1] Because of minimum lot size requirements enacted in 1979, the lot that petitioner describes is now nonconforming.

The county found that a subdivision plat for the parcel containing the lot could have been filed with and recorded by the county clerk, and petitioner did not assign error to its finding.[2]

Petitioner also argues that the filing of the survey was the equivalent of a partition, which Ordinance 88-009 recognizes as a means for creating a legal lot. The argument is confusing, but it appears to share the premise of petitioner's other arguments that the survey was sufficient because nothing else was necessary. LUBA correctly rejected the argument.

Affirmed.

---

[2] The lot could also have been created by conveyance and, possibly, other means. Because of the basis for our disposition, we do not reach petitioner's broader contention that Ordinance 88-009 is in conflict with ORS 92.017.